

PW 026692
$400

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN 1 3 2016    12:17 pm

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| TAMMY FARIAS | ) | CIVIL ACTION NO. |
| *Plaintiff.* | ) | |
| v. | ) | |
| | ) | 4- 16CV 461 A |
| JPMORGAN CHASE & COMPANY | ) | |
| *Defendant.* | ) | |
| | ) | TRIAL BY JURY DEMANDED |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Tammy Farias, complains of JPMorgan Chase & Company Defendant, and for cause of action would respectfully show as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff Tammy Farias against Defendant JPMorgan Chase & Company for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii).

2. Defendant called Plaintiffs' cellular telephone number using an automated telephone dialing system and should be fully aware that Defendant had no prior express or implied consent to call the cellular telephone.

3. Plaintiff contends that the Defendant has acted voluntarily, intentionally and under its own free will and knew or should have known that Defendant was engaged in acts that constitute violations of several statues.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3).

5. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state, to wit debt collection.

6. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3) .

7. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

8. The Plaintiff in this lawsuit is Tammy Farias, (Mrs. Farias) a natural person and a citizen of Tarrant County, Texas.

9. Defendant in this lawsuit is JPMorgan Chase & Company (herein after "JPMorgan Chase") a company with principal office at 270 Park Avenue, New York, NY 10017.

10. JPMorgan Chase may be served with process by serving its registered agent for service of process:  C T Corporation System, 1999 Bryan St., Ste 900, Dallas, TX 75201.

## FACTUAL ALLEGATIONS

11. The cellular telephone number (682) 215-2444 is assigned to Ms. Farias at all times in question.

12. The following telephone numbers are assigned to JPMorgan Chase:

    1. (313) 962-8595
    2. (800) 992-7169
    3. (214) 451-3187

13. JPMorgan Chase called Mrs. Farias cellular telephone number on the following dates and times:

    1. October 15, 2015 at 8:12 a.m.
    2. October 19, 2015 at 09:27 a.m.
    3. October 21, 2015 at 12:00 p.m.
    4. October 22, 2015 at 12:46 p.m.
    5. October 26, 2015 at 02:48 p.m.
    6. October 27, 2015 at 02:34 p.m.
    7. October 28, 2015 at 02:02 p.m.
    8. October 29, 2015 at 08:33 a.m.
    9. November 04, 2015 at 06:07 p.m.
    10. November 08, 2015 at 01:18 p.m.
    11. November 09, 2015 at 06:54 p.m.
    12. November 18, 2015 at 08:42 a.m.
    13. November 19, 2015 at 08:24 a.m.
    14. November 27, 2015 at 08:24 a.m.
    15. December 05, 2015 at 08:30 a.m.
    16. December 13, 2015 at 08:22 a.m.
    17. December 21, 2015 at 08:12 a.m.
    18. December 29, 2015 at 10:06 a.m.
    19. January 06, 2016 at 08:59 a.m.

14. On January 30, 2016, Mr. Farias received the phone call from (313) 962-8595 and there was a period of silence before the representative came on the line. Ms. Farias was informed that the representative was calling from Chase. Mr. Farias informed the representative to stop calling.

15. On February 07, 2016 at 09:53 a.m., Ms. Farias received another call form (313) 962-8595, and again there was a period of silence before a representative came on the line. Mr. Farias was informed that the representative was calling from Chase. Mr. Farias informed the representative a second time to stop calling.

16. On February 13, 2016, Mrs. Farias sent a written communication via United States Postal Service Certified Mail to JPMorgan Chase informing them that they did not have express permission to call her cellular telephone number.

17. Mrs. Farias informed JPMorgan Chase two times verbally to stop calling and once via a written communication.  Despite three separate requests to JPMorgan Chase to stop calling, Mrs. Farias received additional calls on the following dates:

    1. February 11, 2016 at 02:28 p.m.
    2. February 16, 2016 at 09:30 a.m.
    3. March 29, 2016 at 04:08 p.m.
    4. March 29, 2016 at 04:17 p.m.
    5. April 12, 2016 at 03:38 p.m.

18. Upon information and good faith belief, the telephone calls identified above were placed to Mrs. Farias wireless phone number using an automatic telephone dialing system (ATDS) as defined by the Federal Communications Commission (FCC).

19. Upon information and belief, Mrs. Farias received additional calls to her cellular phone from JPMorgan Chase that she was not able to document.  Mrs. Farias intends to obtain the phone records of JPMorgan Chase through the discovery process.

20. Upon information and belief, JPMorgan placed the calls to Mrs. Farias wireless telephone number voluntarily.

21. Upon information and belief, JPMorgan Chase placed the calls to Mrs. Farias wireless telephone number under its own free will.

22. Upon information and belief, JPMorgan Chase had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

23. Upon information and belief, JPMorgan Chase intended to use an automatic telephone dialing system to place each of the telephone calls.

24. Upon information and belief, JPMorgan Chase maintains business records that show all calls placed by JPMorgan Chase to Mrs. Farias cellular telephone number.

25. JPMorgan Chase called Mrs. Farias cellular phone for a non-emergency purpose.

26. Mrs. Farias has no prior or present established relationship with JPMorgan Chase.

27. The acts alleged herein all took place in Tarrant County, Texas in that the communications were received there.

28. JPMorgan Chase used an automatic telephone dialing system to dial Mrs. Farias cellular telephone from phone numbers as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1).

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(b)(1)(A) BY DEFENDANT JPMORGAN CHASE & COMPANY

29. Paragraphs 1 through 28 are re-alleged as though fully set forth herein.

30. Mrs. Farias and JPMorgan Chase do not have an established business relationship within

the meaning of 47 U.S.C. §227(a)(2).

31. JPMorgan Chase called Mrs. Farias cellular telephone using an "automatic telephone

dialing system" within the meaning of 47 U.S.C. §227(a)(1).

32. 47 U.S.C. §227(b)(1)(A) which states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be *unlawful for any person* within the United States,
or any person outside the United States if the recipient is within the United States—

(A) *to make any call (other than a call made for emergency purposes or
made with the prior express consent of the called party) using any
automatic telephone dialing system or an artificial or prerecorded
voice—*

33. In each telephone communication referenced in ¶13, ¶14, ¶15, and ¶17 JPMorgan Chase

has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by

using an automatic telephone dialing system or used a telephone dialing system that has

the *capacity* to automatically call Mrs. Farias cellular telephone number, which is

assigned to a cellular telephone service *with no prior express consent* and for *no*

*emergency purpose*.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or

admission from the Defendant(s) that they violated the Telephone Consumer

Protection Act;

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part:  If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated:  June 10, 2016

Respectfully Submitted,


Tammy Farias
1413 Clinton Ave.
Fort Worth, TX 76164
(817) 658-5353
tammyfarias@yahoo.com



JS 44-TXND  (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Tammy Farias | JPMorgan Chase & Company |

**(b)** County of Residence of First Listed Plaintiff    Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 480 Consumer Credit |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227(b)(1)(A)(iii).
Brief description of cause:
Violations of the Telephone Consumer Protection Act

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
06/10/2016

SIGNATURE OF ATTORNEY OF RECORD
*Tammy Farias*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____